## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:24-cv-22022

CARMEN OLIVA,

     **Plaintiff,**

v.

UNIVERSITY OF MIAMI,

     **Defendant.**

_____/

### DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, the University states as follows:

1.     Plaintiff, Carmen Oliva, commenced the above-styled action on April 4, 2024, by filing a Complaint against the University in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-006059-CA-01 (11).

2.     The Complaint alleges three claims: one arising under federal law and two arising under state law. In Count I, Plaintiff alleges a claim of age discrimination in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 623 (the "ADEA"). In Count II, Plaintiff alleges a claim of age discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10 (the "FCRA"). In Count III, Plaintiff alleges a claim of retaliation in violation of the FCRA.

3.     Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.     This Court has original jurisdiction over Plaintiff's federal-law claim under the ADEA (Count I) pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5.     Title 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This Court has supplemental jurisdiction over Plaintiff's corresponding state-law claims under the FCRA (Counts II and III), all of which arise out of the same allegations of age discrimination. *See, e.g.*, *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (noting that removal was proper because the district court had original jurisdiction over plaintiff's federal-law claim and supplemental jurisdiction over plaintiff's state-law claims that "arise out of the same nucleus of operative facts" as the federal-law claim).

6.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for the University pursuant to Fed. R. Civ. P. 11.

7.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the University in this action.

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. The University was served with initial process on May 6, 2024. This Notice of Removal is being filed within thirty (30) days "after receipt by or service on that defendant of the initial pleading or summons." Therefore, removal is proper and timely.[1]

9.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
         Eric D. Isicoff
         Florida Bar No. 372201
         Isicoff@irlaw.com
         Teresa Ragatz
         Florida Bar No. 545170
         Ragatz@irlaw.com
         Christopher M. Yannuzzi
         Florida Bar No. 92166
         Yannuzzi@irlaw.com

---

[1]      The University has not yet responded to the Complaint. Under applicable state rules, the University's response to the Complaint is due on or before May 28, 2024 (due to the Memorial Day holiday). However, upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Therefore, the University's response is due on or before June 4, 2024 (7 days after this Notice of Removal was filed).

<u>**CERTIFICATE OF SERVICE**</u>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-mail

and CM/ECF this 28th day of May, 2024, upon the following:

Daniel H. Hunt, Esq.
P.O. Box 565096
Miami, Florida 33256
Tel.: (305) 495-5593
Fax: (305) 513-5723
E-mail: dhuntlaw@gmail.com
E-mail: Dan@themiamishark.com
E-mail: nicolc@themiamishark.com

By: <u>/s/ Christopher M. Yannuzzi</u>
       Christopher M. Yannuzzi