Case 1:24-cv-22022-JB   Document 1-2   Entered on FLSD Docket 05/28/2024   Page 1 of 16

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CARMEN OLIVA,

      Plaintiff,

vs.                            Case No.:

UNIVERSITY OF MIAMI,
a Florida Not for Profit Corporation

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, CARMEN OLIVA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, UNIVERSITY OF MIAMI. ("Defendants"), and alleges as follows:

1.   This is an action for declaratory and injunctive relief and damages pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful, age-based discriminatory treatment of and retaliation against Plaintiff.

2.   At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

3.   Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and in Miami Dade County, Florida.

4.   Defendant, UNIVERSITY OF MIAMI, is a Florida Not for Profit Corporation conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce..

5.  Defendant is a "person" and/or an "employer" pursuant to the ADEA and the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6.  At all times material hereto, Plaintiff was an "employee" within the meaning of the ADEA and the Florida Civil Rights Act of 1992, *Fla Stat. Section 760, et seq.*

7.  Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

8.  All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.  Plaintiff was a long time employee of Defendant for over 26 years and was approaching retirement.

10.  Plaintiff worked as an operations director in Auxiliary Services.

11. Plaintiff was 62 at the time of filing of her charge of discrimination and 63 when she was terminated after filing the charge in retaliation for her complaints of age discrimination.

12. Defendant engaged in a systematic scheme of discrimination based on Plaintiff's age in order to terminate her on that basis.

13. On April 28th, 2022, Humberto Speziani notified plaintiff that she was being changed to report to Ana Alvarez.

14. While other younger employees were being promoted and Plaintiff was not, due to her age,

15. Defendant used pretextual reasons for plaintiff being singled out and treated differently than her younger counterparts.

16. Defendant, through Sindy Garcia and Humberto Speziani, in order to cover up their age based discrimination and attempts to terminate Plaintiff for illegal reasons, started giving plaintiff unfairly low ratings and performance evaluations though her performance was well above her counterparts.

17. Defendant then started increasing plaintiff's projects, deadlines, reducing her staff and support and gave preferential treatment to younger employees.  This disparate treatment was designed to allow defendant to give pretextual write ups and treat plaintiff in a manner that would result in her termination.  These were all pretextual.

18. Plaintiff complained of this disparate treatment to Mrs. Alvarez on March 30, 2023 and that Estela Lewellyn and Marbella Santamaria were being given preferential treatment due to their younger age.

19. Plaintiff was given additional responsibilities from other employees that unreasonably increased her burden and resulted in her being assigned more work than was possible to complete.

20. Defendant began excluding plaintiff from information necessary in her position and though Plaintiff tried to transfer, she was blocked from doing so and retaliated against even more.

21. Defendant was systematically involved in a scheme to try to get plaintiff to resign or force a constructive termination in order to effectuate their desire to create a younger workforce.

22. Plaintiff was terminated by letter on August 8, 2023 from Ana Alvarez, Asst. VP, Auxiliary Services.

23. On or about June 6, 2023, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.  Charge No. 510-2023-07805 is attached hereto as **Exhibit A**.

24. The EEOC issued a right-to-sue notice on or about January 10, 2024 signed by Evangeline Hawthorn which was copied to Sindy Garcia at the University of Miami, 1320 S. Dixie Hwy, Coral Gables, FL 33146 and is attached hereto as **Exhibit B**.

25. This complaint is timely filed pursuant to the ADEA within 90 days as well as the Florida Civil Rights Act as it is filed within 1 year of the receipt of the Right to Sue.

26. Plaintiff was constructively discharged as the harassment and abuse from Defendant resulted in his inability to tolerate the environment defendant had created.  This is combined with the severe medical issues Defendant created.

## COUNT I
### *Age Discrimination in Violation of the ADEA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. Plaintiff is a member of a protected class under the ADEA.

29. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

30. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty and in fact, over the age of 60.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the

basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Age in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA as she is over 40.

40. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of and but for Plaintiff's age and subjected the Plaintiff to age-based animosity.

41. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over 40.

42. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

47. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

    g. Adjudge and decree that Defendants have violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    h. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

52. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

53. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

m. Adjudge and decree that Defendants has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

n. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

o. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

p. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

r. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.


Date:  April 4, 2024                                    Respectfully submitted,


                                                       __/s/  *Daniel H. Hunt*

                                                       Daniel H. Hunt, Esq.
                                                       Florida Bar No.: 121247
                                                       PO BOX 565096
                                                       Miami, FL 33256
                                                       dhuntlaw@gmail.com
                                                       Telephone: (305) 495-5593
                                                       Facsimile: (305) 513-5723

                                                       Attorney for Plaintiff

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | _X_ FEPA  (FCHR)<br>_X_ EEOC<br>___ MDCCHR | **510-2023-07805** |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR –Florida Commission on Human Relations,
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| ███████ | | |

| Street Address | City, State and ZIP Code |
|---|---|
| ███████ | ███████ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name<br>University of Miami<br>Sindy Garcia, Sr. Human Resources Manager<br>s.garcia12@miami.edu | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>305-284-2095 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 1320 S. Dixie Hwy, Coral Gables, FL 33146 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE   ___ COLOR  __ SEX ____ RELIGION ___ NATIONAL ORIGIN<br><br>_X_ RETALIATION   _X_ AGE  ___ DISABILITY __ OTHER | Earliest          Latest<br>April 28, 2022.<br><br>_X__ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

On April 28th, 2022, Humberto Speziani notified me that I was being changed to report to Ana Alvarez. I thought this was a little odd since no one else's reporting lines were changed in my team. While the change was conveyed by HR Manager, Sindy Garcia and Humberto Speziani as a mere modification of reporting lines, other younger employees were promoted. On May 12th, I met Sindy Garcia in HR and communicated the unfair ratings received in my performance appraisal in addition to unrealistic goals and deadlines set by Mr. Speziani for the following year, I expressed my concerned of being purposely set up for failure. I further conveyed the treatment and threats of losing my employment that I had experienced from Mr. Speziani in the past.

My work volume has continued to increase in addition to projects with demanding deadlines, reduction in staffing, lack of training in other areas, while at the same time giving preferential treatment such as, training and career development plans to Estela Llewellyn.

On March 30th, 2023, I emailed Ms. Alvarez to enquire about being provided the same opportunity for cross-training as that being extended to younger co-workers, Estela Lewellyn and Marbella Santamaria. Ms. Alvarez indicated that it's been her goal to expose Estela to the operational aspects of the Auxiliaries from the moment she hired her – this opportunity could not be afforded to me because of the projects that I am working on and being short staff. But still, Ana Alvarez changed Accountant position which reported to me and was assigned to report to Estela Llewellyn; further reducing staffing for my area and increasing Estela's supervisory experience. Moreover, as of The Asst., Director for Travel Management position has been kept on hold from recruiting. On February 23rd, this position's daily responsibilities were assigned to me to complete by Ms. Alvarez.

In addition, I am often kept out of the loop and uninformed regarding work instructions relating to my areas of responsibility. Mr. Speziani and Ms. Alvarez often go direct to the staff with instructions relating to projects that I am responsible for.

As a form of retaliation, I was given a lower performance rating and consequently merit increase because I had emailed the division Sr. VP and Chief Financial Officer requesting consideration for career advancement opportunity in other departments within his preview.

The actions mentioned above are only some acts of discriminations against me. I was discriminated against because of my age. My superiors were attempting to get me to resign my position. I had been working for the respondent for thirty-six years.

| Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, the Florida Civil Rights Act, and local laws. | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>6/24/2023<br>_____<br>*Date*       *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

*Carmen T. Oliva*
ID dNzw7X53PNK7MDutVSteAqVt

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/10/2024

**To:** Carmen Oliva
19060 SW 134 Ct
Miami, FL 33177
Charge No: 510-2023-07805

EEOC Representative and email:    INES LOZANO
Investigator
Ines.Lozano@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2023-07805.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
01/10/2024
---
Evangeline Hawthorne
Director

**Cc:**
Sindy Garcia
University of Miami
1320 S DIXIE HWY
CORAL GABLES, FL 33146

Daniel H Hunt
Daniel H. Hunt, Esq. Attorney at Law
PO BOX 565096
VILLAGE OF PINECREST, FL 33256


Please retain this notice for your records.